1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

RIGOBERTO RODRIGUEZ MACEDO,

9

Petitioner,

CASE NO. 2:25-cv-00166-JHC-BAT

10

v.

**REPORT AND
RECOMMENDATION**

11

SCOTT SPEER ,

12

Respondent.

13     Petitioner is serving a state criminal sentence at the Stafford Creek Corrections Center

14  imposed by the King County Superior Court on June 18, 2021 in case number 18-1-06885-8-

15  SEA. *See* Dkt. 1 at 1 (habeas petition). Using a form 28 U.S.C. § 2241 habeas petition, Petitioner

16  challenges this conviction and sentence claiming his Sixth Amendment rights were violated

17  because he was "arraigned without counsel." Dkt. 1 at 2 and 6. Petitioner also attached motions

18  for a "Brady Order," Standby Counsel, Judicial Notice, and Certification, and further applied to

19  proceed *in forma pauperis* (IFP). *See* Dkt. 1 (attachments and IFP application).

20     The Court has reviewed the federal habeas petition and recommends it be DISMISSED

21  with prejudice for the following reasons.

22     (1)     Although Petitioner submitted a form § 2241 habeas petition, "28 U.S.C. § 2254

23  is the exclusive vehicle for a habeas relief that is available to him because he is a prisoner

REPORT AND RECOMMENDATION - 1

serving a sentence pursuant to a state court judgment, and challenges that judgment. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc). The Court thus finds Petitioner's request for habeas relief corpus must be considered as brought under 28 U.S.C. § 2254.

(2)      Petitioner's § 2254 habeas petition is time-barred. Petitioner avers he did not appeal his King County Superior Court conviction or seek state collateral relief. *See* Dkt. 1. Because Petitioner challenges his state court conviction and judgment, his § 2254 habeas petition is subject to a one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(1) and (2).

Petitioner did not appeal his King County Superior Court conviction, and thus his state court judgment became final for purposes of calculating the federal habeas statute of limitations when the time to appeal the conviction expired, which under Washington law is 30 days following imposition of the judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); Washington State Court Rules of Appellate Procedure (RAP) 5.2. Petitioner's judgment therefore became final in July 2021, and the habeas statute of limitations began running from that date. As Petitioner did not properly file any petition for collateral relief, the habeas statute of limitations continued to run from July 2021 until it expired a year later in July, 2022, well before the date Petitioner placed the present habeas petition in the prison mail in January 2025. Petitioner's habeas petition is thus time-barred and should be dismissed.

(3)  Because the present habeas petition is time-barred, the Court considers whether there are any equitable reasons to toll or extend the statute of limitations. The Court finds none. Petitioner obviously knew in 2018 whether he was or wasn't represented at arraignment. As his claim does not rely upon new facts or law made retroactive to collateral relief, there are no legal or equitable grounds to permit Petitioner to now raise the claim in an untimely manner.

The Court accordingly recommends the present habeas petition be dismissed with prejudice as time-barred. If the recommendation is adopted, Plaintiff's motions for Brady Order, Judicial Notice, Standby Counsel and Certification should be stricken as moot.

(4)  The Court also recommends DENYING Petitioner's IFP application. Petitioner's trust balance shows he has an average spendable balance of $246.16. He thus has the resources to pay the $5.00 filing fee.

(5)  If the Court dismisses this case and Petitioner wishes to appeal the dismissal of his § 2254 federal habeas petition, he may do so only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Issuance of a COA should be denied because no reasonable jurist would disagree the present habeas petition is time-barred. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

REPORT AND RECOMMENDATION - 3

(6)      This Report and Recommendation is not an appealable order. Therefore,

Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth

Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 11, 2025.**  The Clerk shall note

the matter for **February 14, 2025**, as ready for the District Judge's consideration.  The failure to

timely object may affect the right to appeal.

DATED this 28th day of January, 2025.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4